FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

03 SEP -9 AM 8:32

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT**<br>**OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action Number:** |
| | ) | **CV-02-C-0796-W** |
| **PAMELIA SMOOT,** | ) | |
| | ) | |
| **Intervenor-Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **FIRST TRANSIT, INC.** | ) | |
| **f/k/a RYDER/ATE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

ENTERED

SEP 9 2003

### CONSENT DECREE

On March 29, 2002, the United States Equal Employment Opportunity Commission ("EEOC") filed suit in this Court against First Transit, Inc., f/k/a Ryder/ATE, Inc. ("First Transit" or "Ryder/ATE"). The EEOC's Complaint alleged First Transit had discriminated against Pamelia Smoot in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

Specifically, the EEOC alleged that Ryder/ATE, a predecessor company subsequently acquired by First Transit, had subjected Pamelia Smoot to sexual and sex-based harassment through the actions and conduct of one of its supervisors and that Ryder/ATE had failed to take prompt remedial action to eliminate this conduct after it became aware of the behavior. The EEOC also alleged that Pamelia Smoot was forced to transfer to a lower paying job in order to avoid the offensive behavior and conduct of the supervisor.

1

On July 10, 2002, Pamelia Smoot filed a motion to intervene in this lawsuit. This court granted the motion on July 22, 2002, and Pamelia Smoot filed an intervenor's complaint on July 23, 2002. Discovery was conducted between all parties.

The EEOC, First Transit and Pamelia Smoot have conferred and have advised the Court that they desire to resolve the instant controversy through the entry of this Consent Decree and to avoid the burden, expense, delay and uncertainties of further litigation.

Now, therefore, without trial or adjudication of any issue of fact or law raised by the EEOC's Complaint, it is the finding of this Court that:

1) This Court has jurisdiction over the parties and the subject matter of this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345.

2) This Consent Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights and privileges of any person.

3) The provisions of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991, will be carried out by the implementation of this Decree and this Decree is entered into pursuant to said statutes and laws.

4) Nothing in this Consent Decree or in its negotiation or execution shall be deemed to be an acknowledgment or admission of any kind by First Transit or Ryder/ATE that it discriminated against Pamelia Smoot or at any time, place or in any manner whatsoever violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.,* or that it has violated any other state or federal law or that it has violated any other theory of liability raised in the lawsuit or demands of any of the parties.

5) By resolving this matter, First Transit does not admit liability as to the EEOC, Pamelia

2

Smoot, or any other employee or former employee of Ryder/ATE or First Transit.

6) Through a separate agreement entered into between Pamelia Smoot and First Transit (or its agent), First Transit has agreed to pay a total of Eighty-Five Thousand Dollars ( $85,000.00) to Pamelia Smoot in resolution of all claims which she may have against First Transit, including the claims arising out of EEOC Charge of Discrimination Number 130-A0-0162 and EEOC Charge of Discrimination Number 130-A30-0700 (both of which were filed by Pamelia Smoot). Ms. Smoot has agreed to provide a release to First Transit in exchange for this payment.

7) Within ten (10) days after receipt of Pamelia Smoot's original signed release, First Transit shall forward the following to Debra Hawes Crook, Senior Trial Attorney, EEOC, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, AL, 35205: 1) a copy of the check mailed to Pamelia Smoot and Daniel Lemley; and 2) documentation of delivery of the check.

8) As part of this resolution, First Transit also agrees to reinstate Pamelia Smoot to her position as fixed route operator, with seniority, effective August 18, 2003. Ms. Smoot agrees to report to work on August 18, 2003 at 9:00 a.m. Furthermore, Pamelia Smoot recognizes and acknowledges that, pursuant to the Department of Transportation regulations, given her lengthy absence from work, she will need re-certification and re-training. Accordingly, Ms. Smoot recognizes that on her first day, she will have to submit to a physical examination and a drug screen and that she will also need to complete retraining before she can resume driving.

9) In reliance upon the representations and promises made in paragraphs 1 through 8 above, as well as the provisions and promises contained in the separate Settlement Agreement entered into between First Transit and Pamelia Smoot, the EEOC agrees to settle this case through the entry of this Consent Decree.

10) This Consent Decree resolves all matters alleged by the EEOC and Pamelia Smoot in

3

Civil Action No. CV-02-C-0796-W, now pending in the United States District Court for the Northern District of Alabama, Western Division, including all claims arising out of EEOC Charge of Discrimination Number 130-A0-0162 and EEOC Charge of Discrimination 130-A30-0700.

11) The parties agree that this Consent Decree may be entered without Findings of Fact or Conclusions of Law being made. No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing, approved by all parties to this Consent Decree and approved or ordered by the Court.

12) All parties shall each bear its own costs and attorneys fees.

ATTORNEYS FOR PLAINTIFF                    ATTORNEY FOR DEFENDANT

Charles E. Guerrier (OH 0023546)           Abdul Kallon
Regional Attorney                          Bradley Arant Rose & White, LLP
                                           One Federal Place
Mildred Byrd (LA 03741)                    1819 Fifth Avenue North
Supervisory Trial Attorney                 Birmingham, AL 35203

Debra Hawes Crook (ASB-6862R69D)
Senior Trial Attorney

Equal Employment Opportunity Commission
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205-2881

IT IS SO ORDERED.

September 8, 2003
DATE                                       U. S. DISTRICT JUDGE

4